IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN ROY STUBBLEFIELD,

          Petitioner,

v.

JAMIE MILLER,

          Respondent.

Case No. 2:25-cv-00613-AN

OPINION AND ORDER

John Roy Stubblefield
4915454
Snake River Correctional Institution
Prisoner E-Filer
777 Stanton Blvd
Ontario, OR 97914-8335

      Petitioner, *Pro Se*

Dan Rayfield, Attorney General
Samuel A. Kubernick, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

      Attorneys for Respondent

1 - OPINION AND ORDER

NELSON, District Judge.

Petitioner filed this 28 U.S.C. § 2254 habeas corpus action on April 15, 2025 challenging his October 30, 2013 convictions from Marion County. This prompted the Court to issue a Scheduling Order (#6) tasking Respondent with answering the Petition for Writ of Habeas Corpus (#2), and calling for Petitioner to file a supporting memorandum 60 days after Respondent's filing.

Respondent filed his Answer (#13), Response (#12), and the underlying record on September 12, 2025. He argues that the Court should deny relief on the Petition because Petitioner failed to file it within the one-year statute of limitations applicable to 28 U.S.C. § 2254 habeas corpus cases. Although Petitioner's supporting memorandum was due by November 12, 2025, he has neither filed such a brief nor has he provided any argument to rebut Respondent's contention that this case is untimely.

## DISCUSSION

"The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true." 28 U.S.C. § 2248; *see also Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (petitioner bears the burden of proving his claims). The Court has reviewed the record in this case and, for the reasons set forth below, it is apparent that Petitioner failed to file this case within the one-year statute of limitations contained within the Anti-terrorism and Effective Death Penalty Act ("AEDPA"). *See* 28 U.S.C. 2244(d)(1)(A) (applying a one-year statute of limitations applies to habeas corpus cases).

The AEDPA's one-year statute of limitations began to run once Petitioner's direct review became final on March 8, 2017.[1] When Petitioner filed for post-conviction relief ("PCR") on December 8, 2017, his filing tolled the AEDPA's statute of limitations. *See* 28 U.S.C. § 2244(d)(2) (properly filed state post-conviction proceedings toll the AEDPA statute of limitations). At the time of his PCR filing, he had already allowed 275 untolled days to elapse. On August 8, 2019, he moved to voluntarily dismiss his PCR action, and the PCR action granted his motion and dismissed the case without prejudice the following day. Respondent's Exhibits 110-111. Because Petitioner's PCR action ceased to be pending following his voluntary dismissal, the AEDPA's statute of limitations resumed running once the PCR court entered its Judgment on August 9, 2019.

Petitioner filed a second PCR action on March 31, 2021. Respondent's Exhibit 112. Although Respondent concedes that the second PCR action was properly filed so as to once again toll the AEDPA's statute of limitations, Petitioner had already allowed an additional 601 untolled days to elapse between the conclusion of his first PCR action and the commencement of his second PCR case. Thus, when added to the untolled time that accumulated between the conclusion of his direct review and the initiation of his first PCR action, a total of 876 untolled days accrued. This was well in excess of the AEDPA's 365-day limitation period.

After the conclusion of his second PCR action and ensuing PCR appeals, Petitioner proceeded to allow another 103 untolled days to elapse prior to filing his Petition for Writ of Habeas Corpus. Thus, he amassed 979 untolled days prior to filing for federal habeas corpus

---

[1] This date reflects the date on which Petitioner's deadline for filing for certiorari in the U.S. Supreme Court expired. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

3 - OPINION AND ORDER

relief. Because Petitioner filed this case 614 days beyond the time authorized by the AEDPA, his Petition is dismissed.

## **CONCLUSION**

The Petition for Writ of Habeas Corpus (#2) is dismissed because it is untimely. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

December 10, 2025
DATE

Adrienne Nelson
United States District Judge

4 - OPINION AND ORDER